**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANGELA MAYER<br><br>        Plaintiff,<br><br>v.<br><br>RSB EQUITY GROUP, LLC<br><br>        Defendant. | CASE NO. CV 10-9096 ODW (AJWx)<br><br>Order **GRANTING in Part** and **DENYING in Part** Plaintiff's Motion for Default Judgment [13] |

Currently before the Court is Plaintiff Angela Mayer's ("Plaintiff") February 16, 2011 Motion for Default Judgment against Defendant RSB Equity Group, LLC ("Defendant"). (Dkt. # 13.)  Having considered the papers filed in support of the instant Motion, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.  For the following reasons, the Court **GRANTS in PART** and **DENIES in PART** Plaintiff's Motion.

The gravamen of Plaintiff's Complaint is that Defendant engaged in unlawful and abusive debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (*See generally* Compl.)  Plaintiff alleges that she received three telephone messages from Defendant – on August 10, 2010; August 21, 2010; and August 28, 2010 – all related to a purported debt that she did not owe.  (Compl. ¶¶ 21, 24, 41.)  Plaintiff further alleges

that she notified Defendant that the calls were placed in error. (Compl. ¶¶ 27, 44.) Plaintiff claims that, as a result of these three messages, she now suffers from cyclical vomiting syndrome, interstitial cystitis, emotional distress, anxiety, and stress. (Mot. at 2.) Plaintiff seeks $1,000.00 under the FDCPA and $1,000.00 under the RFDCPA in statutory damages, $9,675.00 in actual damages, $5,125.00 in attorney's fees, and $466.86 in costs. (Mot. at 18.)

The Clerk entered default against Defendant on February 1, 2011 and Plaintiff correctly asserts that Default Judgment by the Court against Defendant is now warranted. Plaintiff's Application provides sufficient evidence as to: (1) liability; and (2) statutory damages. Plaintiff's conclusory allegations, however, as to the amount of actual damages do not entitle her to the claimed $9,675.00. Plaintiff simply states that "[b]ased on the similar cases and awards given [and] the Complaint filed in this matter . . . Plaintiff's request of $9,675.00 in actual damages is warranted[.]" (Mot at 6.) However, Plaintiff fails to provide the Court with any real calculation to support her claim of $9,675.00. Instead, Plaintiff provides photocopies of five receipts for medication, which total $51.48. (Mot., Exh. 4.) Plaintiff does not explain what this medication is or how it relates to her alleged injury in this case. "It is well settled that a default judgment for money may not be entered . . . unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (citation omitted). Here, Plaintiff neither seeks a liquidated sum nor provides the bases for her actual damages calculation. Accordingly, Plaintiff's Motion for Default Judgment is **GRANTED** as to liability and as to statutory damages in the amount of $2,000.00, and is **DENIED** as to actual damages.

As to Plaintiff's request for attorney's fees and costs, both the FDCPA and the RFDCPA provide that reasonable attorney's fees and costs shall be awarded to a prevailing plaintiff. *See* 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30. An award of reasonable fees is initially determined by calculating the "lodestar" figure: the number of hours reasonably expended multiplied by a reasonable hourly rate. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992). The lodestar analysis is further informed by the

factors set forth in *Kerr v. Screen Extras Guild, Inc.*, including (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skills requisite to perform the legal service; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstance; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  526 F.2d 67, 69-70 (9th Cir. 1975).  The district court is given wide latitude in reducing the fee applicant's compensable hours based on the above criteria.  However, the court must provide an explanation for the fee award.  *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

Plaintiff has provided ample evidence of her counsel's legal background and experience as well as prevailing market rates. (Mot. at 12-13.)  Thus, the Court finds the $250 rate to be reasonable.  As to the number of hours, however, Plaintiff's Motion and supporting declarations state multiple activities for a block of time without specifying the time spent on each task.  (*See id.*; Salaami Decl. at 5.)  Such "block-billing" makes it impossible for the Court to determine whether specific entries are excessive or duplicative. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (finding that district courts have "authority to reduce hours that are billed in block format" because it is difficult to evaluate the reasonableness of the hours requested).  Accordingly, the Court reduces Plaintiff's requested hours by 30% and awards compensation for 14.35 hours. *See id.* (noting California State Bar's conclusion that block billing "may increase time by 10% to 30%" and finding a 20% reduction for block-billed hours to be reasonable); *see also Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222-23 (9th Cir. 2010) (finding a 30% reduction on block-billed hours to be reasonable).  Additionally, the Court finds that Plaintiff's claim for costs is reasonable.  Thus, the Court **GRANTS** Plaintiff's request for attorney's fees and costs, with a 30% reduction applied to the former.

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion for Default Judgment as to liability and statutory damages in the amount of $2,000.00. Further, the Court **DENIES** Plaintiff's Motion for Default Judgment as to actual damages. Additionally, Plaintiff is awarded attorney's fees in the amount of $3,587.50, and costs in the amount of $466.86.

**IT IS SO ORDERED.**

July 5, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

4